**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **CASE NO. 1:12-cr-00020-DAP** |
| ) | |
| **Plaintiff,** ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | <u>**ORDER**</u> |
| ) | |
| **RAYMOND G. ISABELLA,** ) | |
| ) | |
| **Defendant.** ) | |

On December 18, 2012, this Court sentenced Defendant to, in relevant part, a term of imprisonment of seventy months. Doc ##: 66, 67. On January 25, 2016, Isabella moved to reduce his sentence to sixty-one months, pursuant to 18 U.S.C. § 3582(c)(2) and the recently amended U.S.S.G. § 2B1.1 (Nov. 2015). Doc #: 73. As discussed below, the Court must deny this motion.

The Court's authority to modify a term of imprisonment is very limited, by statute. 18 U.S.C. § 3582(c). The Sixth Circuit Court of Appeals has explained,

> 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 provide that the Commission's retroactivity determinations control whether district courts may resentence defendants . . . . Under 28 U.S.C. § 994(o), the Commission "periodically shall review and revise, in consideration of comments and data coming to its

> attention, the guidelines promulgated pursuant to the provisions of this section." Section 994(u) specifies, "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." The controlling nature of these determinations is provided by 18 U.S.C. § 3582(c)(2), which states that courts have the authority to reduce a defendant's term of imprisonment only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

*United States v. Horn*, 612 F.3d 524, 527 (6th Cir. 2010). The Court may thus only reduce a defendant's term of imprisonment based on changes effected by specifically enumerated amendments. U.S.S.G. § 1B1.10(a)(1); *see* U.S.S.G.("Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, 750 (parts A and C only), and 782 (subject to subsection (e)(1)).).").

Here, Isabella observes that, at the time of sentencing, a $1,171,582.36 loss added sixteen offense levels, whereas under the current Guidelines such a loss would add fourteen offense levels. U.S.S.G. § 2B1.1(b)(1). However, the amendment which effected this change is U.S.S.G. App. C, Amendment 791, which is not listed in U.S.S.G. § 1B1.10(d). Therefore, the Court presently lacks authority to modify Isabella's sentence.

Accordingly, the Court DENIES Motion for Modification, Doc #: 73.

**IT IS SO ORDERED.**

                                             */s/ Dan A. Polster    Jan. 27, 2016*
                                             **DAN AARON POLSTER**
                                             **UNITED STATES DISTRICT JUDGE**